# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CUBELLIS, INC.** | **CIVIL ACTION** |
| **VERSUS** | **NO:      07-7959** |
| **LIFT (LOUISIANA INSTITUTE OF FILM TECHNOLOGY, LLC), ET AL.** | **SECTION: "N" (4)** |

## ORDER

Before the Court is a **Motion For Expedited Hearing (R. Doc. 172)** filed by the Plaintiff, Cubellis, Inc. ("Cubellis") on its **Motion For Contempt and Sanctions (R. Doc. 171)**, seeking an Order finding Malcolm Petal ("Petal")[1], CEO and co-manager of Defendants LIFT (Louisiana Institute of Film Technology), LLC and the Film Factory, LLC, in contempt for his alleged failure to appear at his deposition on December 2, 2008.  The Court hereby grants expedited review and considers the Motion For Contempt and Sanctions below.

## I.      Background

Cubellis brings the subject action against the Louisiana Institute of Film Technology ("LIFT") and other Defendants, based upon events involving the proposed Film Factory studio, a motion picture studio, vocational school, and distribution house, which was to be built on 18 acres of land in downtown New Orleans, Louisiana.  (R. Doc. 1).  Cubellis alleges that it was retained by D'Gerolamo Development, LLC ("D'Gerolamo") on behalf of LIFT in November of 2005 to furnish

---

[1] On August 6, 2008, the presiding district judge granted the Joint Motion To Dismiss Without Prejudice of Cubellis, Malcolm Petal and Kimberly Anderson, thereby terminating Petal as a party.

a basic concept design package for the studio project.  (R. Doc. 1).  It contends that it completed its work in February of 2006 and  transmitted the associated invoices to LIFT.  (R. Doc. 1).  Thereafter, in March of 2006, LIFT again engaged Cubellis to provide supplemental architectural design services.  (R. Doc. 1).  Cubellis alleges that it completed such services and, again, submitted appropriate invoices.  (R. Doc. 1).

Cubellis continued to perform additional design services for LIFT on the project in July and November of 2006, including developing building plans, documenting construction, coordinating environmental data and the schematic and preliminary design for the mechanical and electrical infrastructure, and refining vertical circulation cores, exterior elevations, and building massing.  (R. Doc. 1).  On December 6, 2006, D'Gerolamo, through Defendant Daniel Taylor, allegedly furnished Cubellis with notice to proceed.  (R. Doc.1).  Cubellis contends that it continued to work despite non-payment and that it amassed an invoice exceeding $1.3 million dollars.  (R. Doc. 1).  During this time, Cubellis purportedly submitted invoices for its work to D'Gerolamo and directly to LIFT.  (R. Doc. 1).  It therefore filed the subject lawsuit seeking payment of its outstanding invoices.  (R. Doc. 1).

During the course of discovery, on November 17, 2008, Cubellis noticed the deposition of Malcolm Petal for December 2, 2008.  (R. Doc. 171-3, p. 5).  Cubellis claims that it scheduled the deposition for this date after counsel for LIFT and Film Factory indicated that Petal would be available.  (R. Doc. 171-2, p. 1.  *See also* R. Doc. 171-3, p. 16, Email From Keith L. Magness, November 17, 2008).  It further maintains that no subpoena was issued based on an agreement between the parties.  (R. Doc. 171-2, p. 2).

According to counsel for Cubellis, after the notice was issued, but prior to the date of the

deposition, counsel for LIFT and Film Factory informed him that Mr. Petal received notice that he would be indicted by the United States attorney's office "in connection with the alleged bribery of a public official." (R. Doc. 171-2, p.2). Counsel for Cubellis claims that counsel for LIFT and Film Factory: (1) requested an "administrative stay" to permit Petal to sort through the emergent criminal issues; (2) indicated that they would object to the taking of Petal's deposition; and (3) stated that they may seek a motion to quash. (R. Doc. 171-2, p. 2). Counsel for Cubellis claims that he stated that he would discuss the stay request with his client, but objected to the postponement of Petal's deposition absent any agreement. (R. Doc. 171-2, p. 2).

Thereafter, counsel Cubellis sent a series of emails in an effort to discuss the proposed stay of discovery, wherein counsel indicated that, if no agreement was reached, Cubellis stood ready to move forward with Petal's deposition. (R. Doc. 171-2, p. 2. *See also* R. Doc. 171-3, p. 7-8, Emails from Keith L. Magness Nov. 25 and 26, 2008). On December 2, 2008, counsel for Cubellis appeared for the scheduled deposition. (R. Doc. 171-2, p. 2). After waiting for 25 minutes, he contacted counsel for LIFT and Film Factory, who then advised that he had been unable to contact Petal, notwithstanding several attempts. (R. Doc. 171-2, p. 3). Counsel for Cubellis proceeded by executing a Procès-Verbal to memorialize the proceeding and to denote Petal's failure to appear on the record. (R. Doc. 171-3, pp. 9-13).

Later that day, counsel for both parties met to discuss Petal's failure to appear, at which time counsel for LIFT and Film Factory requested that counsel for Cubellis refrain from seeking an order of contempt against Petal for his failure to appear. (R. Doc. 171-2, p. 3). Counsel for Cubellis agreed to delay the filing for one week. (R. Doc. 171-2, p. 3). Thereafter, on December 8, 2008, Cubellis filed the instant motion, seeking an Order of contempt against Petal and asking this Court

to award sanctions in the form of attorney's fees.  (R. Doc. 171, p. 1).  Cubellis also requests that

the Court order Petal to appear for a deposition prior to the close of discovery.  (R. Doc. 171, p. 2).

## II.   <u>Standard of Review</u>

### A.   <u>Civil Contempt</u>

Pursuant to Federal Rule of Civil Procedure ("Rule")  37(b)(2)(A), a court may treat as

contempt of court a party's failure to obey an order to provide or permit discovery.  FED.R.CIV.P.

37(b)(2)(A)(vii).  Rule 37(b)(2)(A) further provides:

> If a party . . . fails to obey an order to provide or permit discovery . . . the court in
> where the action is pending may issue further just orders.  They may include the
> following:
>
> > (i) directing that the matters embraced in the order or other
> > designated facts be taken as established for purposes of the action, as
> > the prevailing party claims;
> >
> > (ii) prohibiting the disobedient party from supporting or opposing
> > designated claims or defenses, or from introducing designated matters
> > in evidence;
> >
> > (iii) striking pleadings in whole or in part;
> >
> > (iv) staying further proceedings until the order is obeyed;
> >
> > (v) dismissing the action or proceeding in whole or in part; or
> >
> > (vi) rendering a default judgment against the disobedient party;

FED.R.CIV.P. 37(b)(A)(i)-(v).

Civil contempt vindicates the rights of aggrieved persons under valid court orders.  *Louisiana*

*Ed. Ass'n v. Richland Parish Sch. Bd.*, 421 F.Supp. 973, 975 (D.C. La. 1976).  It is well-settled that

a party seeking an order of civil contempt must establish by clear and convincing evidence that: (1)

a court order was in effect; (2) the order required certain conduct by the respondent; and (3) the

respondent failed to comply with the court's order.  *Piggly Wiggly Clarksville, Inc. v. Mrs. Baird's Bakeries*, 177 F.3d 380, 382 (5th Cir. 1999).  A party commits contempt by violating a definite and specific order of the court which requires him or her to perform or refrain from performing a particular act or acts with knowledge of the court's order.  *Id.*  (internal citations omitted).

"A civil contempt sanction is coercive rather than punitive and is intended to force a recalcitrant party to comply with a command of the court."  *Whitfield v. Pennington*, 832 F.2d 909, 913 (5th Cir. 1987).  However, civil contempt can serve two different purposes: (1) it can enforce, through coerciveness, compliance with a court's order; or (2) it can be used to compensate a party who has suffered unnecessary injuries or costs because of the contemptuous conduct.  *Petroleos Mexicanos*, 826 F.2d 392, 400 (5th Cir. 1987).  Nonetheless, the court may exercise its power with discretion, and some courts have held that the power should be used sparingly.  *Richland Parish*, 421 F.Supp. at 975.

### B.    Deposition

A party may depose any person, including a party, without leave of court except as provided in Rule 30(a)(2).  FED.R.CIV.P. 30(a)(1).  Under Rule 30(a)(2), a party must obtain leave of court to depose a witness under certain circumstances, including but not limited to when the parties have not stipulated to the deposition.  FED.R.CIV.P. 30(a)(1).  A party who wishes to depose a person by oral questions must give reasonable written notice to every other party. FED.R.CIV.P. 30(b)(1). The notice must state the time and place of the deposition and, if known, the deponent's name and address.  *Id.*  If the name is unknown, the notice must provide a general description sufficient to identify the person or the particular class or group to which the person belongs.  *Id.*

5

III.   **Analysis**

   A.   **Civil Contempt**

Cubellis argues that Petal should be held in contempt and sanctioned for failing to appear at his December 2, 2008 deposition.  As part of its request for sanctions, Cubellis requests that this Court order Petal to pay Cubellis's costs for preparation of this motion as well as the costs incurred in taking the December 2, 2008 Procès-Verbal, including attorney's fees.

The Court first notes that Cubellis seeks a contempt order in connection with Petal's failure to comply with a Notice of Deposition.  As noted previously, a party seeking an order of civil contempt must establish by clear and convincing evidence that: (1) *a court order was in effect*; (2) the order required certain conduct by the respondent; and (3) the respondent failed to comply with the court's order.  *Piggly Wiggly*, 177 F.3d at 382 (emphasis added).  Here, while it is apparent that Petal failed to appear, his failure to appear does not amount to a violation of a court order.  The undersigned neither ordered nor compelled Petal to appear at the deposition.  Cubellis implicitly concedes this fact by emphasizing that ***"no subpoena was issued in connection with Petal's deposition by agreement of the parties."*** (R. Doc. 171-2, p. 2) (emphasis added)  Therefore, Cubellis fails to satisfy the first prong of the test for contempt actions, in that no court order was in effect.  Based on the foregoing, the Court declines to hold Petal in contempt and denies Cubellis's motion in this respect.

   B.   **Deposition**

Cubellis also requests that the Court order Petal to appear for a deposition prior to the close of fact discovery on January 2, 2009.  Cubellis asserts that it noticed Petal's deposition on a date provided by LIFT and Film Factory's counsel. (R. Doc. 171-2, p. 4.  *See also* R. Doc. 171-3, p. 1,

Ex. A, Email Exchange Between Keith L. Magness and Luke Hyatt, Nov. 11, 13, and 17, 2008). Cubellis also clarifies that, although counsel for LIFT and Film Factory requested an administrative stay pending the outcome of any potential criminal issues, its willingness to entertain this request was contingent upon a mutual agreement about the terms of the stay.  It maintains that no such agreement was reached.  Cubellis also points out that, although counsel for Petal verbally objected to the deposition, he failed to file a motion to quash.  Cubellis therefore argues that Petal's failure to appear was "without adequate excuse."  (R. Doc. 171-2, p. 4).  Petal did not provide any response to this argument.

The Court first notes that Cubellis did, in fact, properly notice the deposition for December 2, 2008–a date that was mutually convenient for both parties.  The Court also notes that there is no record of any written objection by counsel for Petal regarding the deposition.  Furthermore, on December 12, 2008, Mr. Petal pled guilty to Count 1 of the Bill of Information in the matter *United States v. Petal*, for conspiring to bribe William Bradley in connection with a program of tax incentives designed to promote the motion picture industry in the state of Louisiana in violation of 18 U.S.C. §§ 2 and 371.  No. 2:08-CR-176, R. Docs. 29, 30.  Petal was released on bond and will be sentenced on February 26, 2009.  *Id.*  at R. Doc. 38.

In light of these recent developments, the Court finds that Petal's guilty plea effectively nullifies his counsel's purported concerns, and thereby eliminates the need for an administrative stay with respect to the deposition to "sort through any criminal issues."  The Court therefore orders Petal to appear for a deposition in the above-captioned matter before the close of fact discovery.  Cubellis shall re-notice the deposition for a mutually agreeable date prior to January 2, 2009, and Petal is required to appear on that date.

7

IV.      **Conclusion**

Accordingly,

**IT IS ORDERED** that Cubellis, Inc.'s **Motion For Expedited Hearing On Motion For Contempt and Sanctions (R. Doc. 172)** is hereby **GRANTED.**

**IT IS FURTHER ORDERED** that Cubellis, Inc.'s **Motion For Contempt and Sanctions (R. Doc. 171)** is hereby **DENIED.**

**IT IS FURTHER ORDERED** that Malcolm Petal appear for a deposition to be taken prior to the close of fact discovery on January 2, 2009.  Cubellis shall reissue a notice of deposition to that effect.

New Orleans, Louisiana, this <u>18th</u> day of December 2008

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**